UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

REGINALD RENARD REED,                )
                                     )
          Petitioner                 )
                                     )
v.                                   )   Case No. 2:13-cv-00910-AKK-HGD
                                     )
WILLIE THOMAS, Warden, and           )
THE ATTORNEY GENERAL OF              )
THE STATE OF ALABAMA,                )
                                     )
          Respondents                )

## MEMORANDUM OPINION

On March 18, 2015, the magistrate judge's report and recommendation was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the magistrate judge. No objections to the magistrate judge's report and recommendation were filed by petitioner or respondents. Therefore, the court entered a Memorandum Opinion and Final Judgment denying the petition for writ of habeas corpus on April 30, 2015.

Thereafter, petitioner filed a Motion for Reconsideration, averring that his legal mail had been held from March 18, 2015, to May 27, 2015. (Doc. 17). The court granted the Motion for Reconsideration, construed as a motion pursuant to Rule 60(b)(1), Fed.R.Civ.P., and vacated the Memorandum Opinion and Final Judgment

entered April 30, 2015. (Doc. 18). The court also allowed petitioner fourteen (14) days in which to file objections. Petitioner filed objections to the magistrate judge's report and recommendation on June 12, 15 and 22, 2015.[1]

After careful consideration of the record in this case, the magistrate judge's report and recommendation and petitioner's objections thereto, the court hereby ADOPTS the report of the magistrate judge. The court further ACCEPTS the recommendations of the magistrate judge that the petition for writ of habeas corpus be denied.

Pursuant to Rule 11 of the *Rules Governing § 2254 Cases*, the Court has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability (COA). *See* 28 U.S.C. § 2253.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner"

---

[1] Although some of the objections are untimely, the court will nonetheless consider them.

or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4, 103 S.Ct. 3383, 3394-95 & n.4, 77 L.Ed.2d 1090 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.*

The Court finds that reasonable jurists could not debate its resolution of the claims presented in this habeas corpus petition. For the reasons stated in the magistrate judge's report and recommendation, the Court DECLINES to issue a COA with respect to any claims.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE the 23rd day of June, 2015.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE